UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YHUH CLEVELAND NOEL
HAMMOND,

        Plaintiff,

    v.

JUDGE TRACEY L. REDD, IN
HER INDIVIDUAL CAPACITY
AND IN HER OFFICIAL
CAPACITY,

        Defendant.

_____/

Case No. 2:26-cv-257-KCD-DNF

## **ORDER**

Plaintiff Yhuh Cleveland Noel Hammond has filed a pro se civil rights complaint against state court judge Tracey L. Reed for actions taken during ongoing dependency proceedings. (Doc. 1.) Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order. (Doc. 2.) He seeks an order enjoining Judge Reed from conducting further proceedings. (*Id.* at 14.)[1]

To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel.*

---

[1] Plaintiffs' filings are not paginated, so the Court cites the page numbers generated by its electronic filing system.

*Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Preliminary injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Plaintiff's motion fails on the likelihood-of-success prong. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Id.*

Plaintiff's claims against Judge Reed stem from conduct that occurred while she was acting in her judicial capacity. (Doc. 2 at 11-12.) According to Plaintiff, Judge Reed entered orders after he invoked disqualification

2

proceedings. (*Id.* at 12.) These allegations relate to judicial acts, rendering Plaintiff's claims against Judge Reed frivolous.

According, Plaintiff's motion for a temporary restraining order (Doc. 2) is **DENIED**.

**ORDERED** in Fort Myers, Florida on February 17, 2026.

Kyle C. Dudek
United States District Judge