UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YHUH CLEVELAND NOEL
HAMMOND,

        Plaintiff,

      v.

JUDGE TRACEY L. REDD, IN
HER INDIVIDUAL CAPACITY
AND IN HER OFFICIAL
CAPACITY;

        Defendant,

Case No. 2:26-cv-257-KCD-KRH

                /

## <u>ORDER</u>

Plaintiff Yhuh Cleveland Noel Hammond filed this pro se civil rights action seeking damages and injunctive relief against State Circuit Judge Tracey L. Redd. (Doc. 1.)[1] He targets Judge Redd's rulings in an ongoing dependency proceeding. (*Id.* at 2.) Judge Redd now moves to dismiss the complaint, arguing (among other things) that she is entitled to judicial immunity. (Doc. 9.)

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "we take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But "courts are not bound

---

[1] nless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Stripped of its rhetorical flourishes and conclusory statements, the complaint here attempts to do exactly what the law prohibits: sue a judicial officer for decisions made from the bench. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "Judicial immunity also generally extends to demands for injunctive and declaratory relief." *Juravin v. Rada*, No. 5:24-CV-618-PGB-PRL, 2025 WL 1688251, at *5 (M.D. Fla. May 27, 2025). This "immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239; *see also McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) ("A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court.").

Although Hammond uses some lofty rhetoric, the core of his complaint targets nothing other than quintessential judicial acts. He is upset about custody, visitation, and parental determinations—the exact kind of routine decision-making that family court judges handle. Hammond tries to avoid

judicial immunity by arguing that because he filed a legally sufficient disqualification motion, Judge Redd was divested of authority. (Doc. 1 at 2.) So, as he sees it, her subsequent orders handling custody and visitation were entered without jurisdiction. (*Id.*)

That argument gets nowhere. Hammond conflates an *excess* of authority with a *clear absence* of jurisdiction, and that distinction makes all the difference. *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978). Judge Redd was presiding over a standard domestic relations docket. And in that capacity, she possesses broad, undisputed subject-matter jurisdiction over dependency cases. So even if Judge Redd erred with the disqualification motion, she still possessed jurisdiction to handle the matters Hammond complains about, and judicial immunity remains. *See Cox v. Mills*, 465 F. App'x 885, 887 (11th Cir. 2012).

When a defense as formidable as judicial immunity applies clearly on the face of the pleadings, allowing leave to amend would be an exercise in futility. *Austin v. McCann*, No. 22-13157, 2023 WL 3335312, at *2 (11th Cir. May 10, 2023); *Hatcher v. Alabama Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F. App'x 778, 782 (11th Cir. 2018). Federal courts are not a forum for appealing state-court rulings, and judicial immunity bars Hammond's attempt here. Accordingly, Judge Redd's Motion to Dismiss (Doc. 9) is **GRANTED**, and the complaint (Doc. 1) is **DISMISSED WITH**

**PREJUDICE**. The clerk is directed to deny all pending motions, cancel all deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on June 17, 2026.

Kyle C. Dudek
United States District Judge

4